**In re MARSHALL.**

**Patent Appeal No. 2943.**

Court of Customs and Patent Appeals.

Jan. 4, 1932.

Roberts, Cushman & Woodberry, of Boston, Mass. (Herman T. Gammons, of Boston, Mass., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 1, 2, 47, 48, and 49 in appellant's application for a patent for an alleged invention relating to improvements in piston rings for internal combustion engines.

The appealed claims read as follows:

"1. A packing for use with a reciprocating piston, said packing comprising a split radially expansible ring consisting of a ductile steel characterized by the inherent capability of forming a good and durable bearing with the inner wall of a cylinder when reciprocated in contact therewith under normal working conditions.

"2. A packing for use with a reciprocating piston, said packing comprising a split radially expansible ring consisting of a ferrous alloy characterized by the inherent capability of sliding in contact with the inner surface of a cylinder wall under normal working conditions without scoring the latter."

"47. A resilient split packing ring for use with the piston of an internal combustion engine, said ring being radially expansible, capable of being bent without breaking, and consisting of metal which will slide in contact with the inner surface of a cylinder wall under normal working conditions without scoring the cylinder wall or adhering to the latter.

"48. A resilient split packing ring for use with a reciprocating piston, said ring being radially expansible, capable of being

straightened without breaking, and consisting of a metal having the general physical characteristics of steel of at least 0.5 per cent. carbon.

"49. A resilient split packing ring for use in an internal combustion engine, said ring being radially expansible, consisting of metal having a hardness similar to that of steel of approximately 0.6 per cent. carbon, and being capable of sliding in contact with a cylinder wall under working conditions and for long periods without scoring the cylinder wall."

The references are: Burd, 1,356,258, Oct. 19, 1920; Wright, 1,018,149, Feb. 20, 1912; Fay, 1,284,279, Nov. 12, 1918; Carson, 1,268,355, Sept. 18, 1923.

The patent to Wright discloses a method of making metallic packing—piston rings—"adapted for use on engines and the like." We quote from the specification: " * * * I take a suitable strip or band of steel, copper or other suitable material. * * * "

The patent to Fay relates to improvements in packing or piston rings. The patent discloses the use of tungsten steel, wherein the tungsten constitutes from 18 to 25 per centum of the total weight of the steel.

The patent to Carson relates to a method of piston ring manufacture, and discloses the use of an alloy, "the consistency of which," as stated by the patentee, "has no particularly essential bearing in the present invention so far as the process of manufacture is concerned."

In its decision, rejecting the appealed claims, the Board of Appeals, among other things, said:

"Claims 1 and 2 are very broadly drawn. They attempt to differentiate from the prior art by statements of the manner in which the ring functions rather than by definition of different physical characteristics of the ring. It is believed these claims are clearly unpatentable in view of the disclosure in the patents to Wright and Carson.

"Claims 3, 4 and 5 are limited to a high carbon steel. While Fay discloses the use of a hard steel, it is believed he does not fairly suggest the specific steel to which these claims are limited and which, in view of the affidavit of record in the case, appears to possess advantages over the metals heretofore used for piston rings. We believe these claims should be allowed.

"Claim 47 is even broader than claims 1 and 2 and is regarded unpatentable over the cited prior art.

"Claims 48 and 49 are drawn to cover all metals having the general physical characteristics of the high carbon steel used by appellant. The application contains no disclosure of what metals other than steel alloys of high carbon content would be suitable for the purpose. It is believed that such claims as indicated above to be allowable fairly define the advance appellant has made in the art and that these broader and more indefinite claims 48 and 49 should not be allowed, and especially so in view of the hard steel ring disclosed in the patent to Fay."

It appears from the supplemental brief filed by counsel for appellant that appellant received a patent for his process claims contained in a divisional application.

Counsel for appellant contends that the references do not fairly disclose appellant's product; that, due to the disastrous failure of steel piston rings previously used, automobile manufacturers were at first skeptical of the practical character of appellant's rings; and that, careful tests having determined their practical character to the satisfaction of such manufacturers, appellant's rings have met with commercial success.

With reference to the prior art, counsel for appellant summarizes his argument as follows: "All of the claims at issue thus clearly distinguish from the old cast-iron rings either by reference to the ductile quality of the material,—to the fact that it is an alloy,—or to the fact that it resembles steel of more than 0.5 per cent. carbon in its physical characteristics, *while they all distinguish from prior attempts at the use of steel in stating that the metal is capable of making a good bearing contact with the cylinder wall.*" (Italics ours.)

Counsel further states in his brief that: "As noted, claim 1 is limited to a ring of 'ductile steel' and claim 2 to a ring of 'ferrous alloy,' but admittedly these limitations alone do not define a useful piston ring or one which distinguishes from the prior art; it is the combination of these characteristics with that of 'making a good bearing surface' which distinguishes appellant's ring. When, as in claims 3, 4 and 5, appellant particularized as to a specific metallic alloy which provides such a bearing, the novelty was recognized by the Patent Office and the claims allowed, but appellant is entitled to broader protection than that afforded by claims 3, 4 and 5 and with this object in view presented the claims here in issue,

wherein he has expressed the invention more broadly but in readily understandable language which finds full and complete support in his specification."

Claim 3 is illustrative of the allowed claims. It reads: "3. A strong, tough and durable split packing ring for use with a reciprocating piston, said ring being radially expansible and consisting of steel of at least 0.5 per cent. carbon."

From the arguments and concessions of counsel for appellant, it is apparent that the particular element in claims 1, 2, and 47, on which appellant relies for a reversal of the Board of Appeals, is a piston ring "of ductile steel," or of a "ferrous alloy," "characterized by the inherent capability of forming a good and durable bearing with the inner wall of a cylinder," or, as stated by counsel for appellant, "it is the combination" of ductile steel or ferrous alloy "with that of making a good bearing surface."

Obviously, this distinguishing feature of the claims is the result which appellant obtains by piston rings consisting of steel of at least 0.5 per centum carbon, as defined in the allowed claims, 3, 4, and 5.

Claims 1, 2, and 47 are so broad as to merely state the desirability of using ductile steel or a ferrous alloy having the "inherent capability of forming a good and durable bearing with the inner wall of a cylinder when reciprocated in contact therewith under normal working conditions."

In view of the fact that it was old to make piston rings of ductile steel and ferrous alloys, as stated by counsel for appellant, claims 1, 2, and 47 merely state a problem without giving a solution.

With reference to claims 48 and 49, we agree with the views expressed by the Board of Appeals that appellant makes no disclosure of metals claimed to have the general physical characteristics of steel of at least 0.5 per centum carbon, as stated in claim 48, or a hardness similar to that of steel of approximately 0.6 per centum carbon, as stated in claim 49.

We have considered the authorities cited and relied upon by counsel for appellant as supporting his contentions that the involved claims are patentable, and are of opinion that they are not applicable to the facts here in issue.

For the reasons stated, the decision is affirmed.

Affirmed.